UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROHAN BROWN,

                Petitioner,               Case # 18-CV-6841-FPG

v.                                                     DECISION AND ORDER

WILLIAM BARR,[1] et al.,

                Respondents.

## INTRODUCTION

*Pro se* Petitioner Rohan Brown has been detained at the Buffalo Federal Detention Facility in Batavia, New York, since May 15, 2018 under a final order of removal from the United States. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention and seeking an order releasing him. ECF No. 1. Respondents oppose the Petition and assert that Petitioner's continued detention is in accordance with the law. ECF Nos. 6, 7. For the reasons that follow, the Court dismisses the Petition without prejudice.

## BACKGROUND

On March 13, 2007, Petitioner was convicted of criminal sale of a controlled substance in the second degree; criminal possession of a loaded firearm in the third degree; criminal possession of an assault weapon in the third degree; and criminal sale of a firearm in the third degree. He was sentenced to 172 months in prison. ECF No. 6 at 3. In May 2007, the Department of Homeland Security ("DHS") identified Petitioner as "an alien amenable to removal from the United States." *Id*. at 4.[2] On October 24, 2007, Petitioner was served with a Notice to Appear that charged him

---

[1] The Clerk of Court is directed to update the case docket to substitute Attorney General William Barr in place of his predecessor, Matthew Whitaker. *See* Fed. R. Civ. P. 25(d).

[2] While incarcerated at Rikers Island, Petitioner "was identified by the New York Criminal Alien Program as an Illegal Alien after being interviewed by an Immigration Officer." ECF No. 6-2 at 37.

with being subject to removal from the United States pursuant to Immigration and Nationality Act ("INA") § 212(6)(A)(i), 8 U.S.C. § 1182(6)(A)(i), as an alien present in the United States without being admitted or paroled. *Id*.

During the immigration removal proceedings, Petitioner purported to be a United States citizen and produced a photocopy of a U.S. Virgin Islands birth certificate. ECF No. 6-2 at 29. However, in a letter dated June 3, 2008, the Registrar for the U.S. Virgin Islands Department of Health, Bureau of Statistics, certified that there was "no record of birth" for Petitioner in St. Thomas, St. John or St. Croix, *id*. at 31, or any record that a "Cheryl P. Clarke," the name listed as registrar on the photocopied birth certificate, ever held that position in St. Croix, *id*. at 29, 31. A DHS Officer also noted that the city of birth was misspelled on the photocopied birth certificate and that it "appears to be fraudulent." *Id*. at 29.

On April 1, 2009, an immigration judge ("IJ") ordered Petitioner removed from the United States to Jamaica.[3] ECF No. 6-2 at 51-54. Specifically, the IJ relied on the Registrar's June 3 letter in finding that the allegation and charge of removability was sustained by clear and convincing evidence and found that Petitioner, "whether intentionally or through no fault of his own, has presented to the court false documents." *Id*. at 52-53. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") which affirmed the order on July 13, 2009. *Id*. at 24.

On May 15, 2018, Petitioner was placed in DHS custody upon his release from prison. *Id*. at 21. As of August 7, 2008, the Government of U.S. Virgin Islands Health Department Bureau of Vital Statistics found no record of Petitioner's birth in any hospital in the U.S. Virgin Islands. *Id*. at 8. On August 30 and December 7, 2018, Petitioner was served with a Notice of Failure to

---

[3] Respondent contends that Petitioner is a citizen of Jamaica and "entered the United States at an unknown place and on an unknown date, without being admitted, inspected or paroled by an Immigration Officer." ECF No. 6 at 2.

Comply, pursuant to 8 C.F.R. § 241.4(g), which formally advised him, among other things, that the removal period was extended in his case. *Id.* at 8-9, 16-17.

Petitioner now challenges his prolonged detention as contrary to law and seeking immediate release or an individualized bond hearing. ECF No. 1.

**DISCUSSION**

A district court is authorized "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F. 3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).

There is a 90-day period following an order of removal during which the Attorney General is to remove the alien. *See Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). After the initial 90-day period, "the Government 'may' continue to detain an alien who still remains here or release that alien under supervision." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (quoting 8 U.S.C. § 1231(a)(6)). But § 1231(a)(6) "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The United States Supreme Court has construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," *id.* at 699, and that six months is a presumptively reasonable period, *id.* at 701. Once that period has passed, an alien bringing a claim bears the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Then, "the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner asserts that he gave his Deportation Officer "a document attesting that he is not from Jamaica," and that he has participated in two telephone interviews with the Jamaican Embassy, in the presence of his Deportation Officer, but the Embassy "has still been unable to find

3

any records of Petitioner being a Jamaican National." ECF No. 1 at 4. He argues that his "continued detention seems to be indefinite," because his alleged Jamaican citizenship[4] has been "negated by the statement from the Jamaican Embassy." *Id.* at 8.

Defendants argue Petitioner's continued detention is lawful because Petitioner "has prevented his removal by falsely claiming that he is a U.S. citizen and failing to provide the Jamaican Embassy with his true and correct identity." ECF No. 7 at 7, 8. Defendants affirm that because of this, Petitioner's removal period has been suspended pursuant to § 1231(a)(1)(C). *Id.* Petitioner maintains that he "has not undertaken any actions to thwart removal" and that Defendants' assertion that he is Jamaican lacks support. ECF No. 9 at 4, 8.

Petitioner's 90-day statutory removal period began on May 15, 2018, when he was received into DHS custody upon his release from prison. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). But § 1231(a)(1)(C) provides for extension or suspension of the removal period "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

DHS served Petitioner with Warnings for Failure to Depart on June 14, August 27, November 5, and December 6, 2018, and January 4 and February 4, 2019. ECF No. 6-2 at 2-7, 10-15, 18-20, 23. Each warning advised Petitioner of his obligation to "assist in obtaining a travel document" and requested various identifying documents, like a passport or birth certificate, or other corroborating information, including family names and addresses in either the U.S. or country of citizenship, to effectuate his removal. *See id.*

---

[4] Petitioner maintains that he is a U.S. Citizen and that there is no evidence that he is Jamaican. *See* ECF No. 1 at 4; ECF No. 9. Petitioner appealed the IJ's ruling in this regard, which the BIA upheld. ECF No. 6-2 at 24. Petitioner did not appeal the BIA's ruling to the Second Circuit. To the extent that Plaintiff now attempts to challenge the ruling as to his Jamaican citizenship, the Court lacks jurisdiction to consider it. *See Campbell v. Sessions*, 737 F. App'x 599, 600 (2d Cir. 2018) (summary order).

Petitioner's admitted cooperation amounts only to providing a "document attesting that he is not from Jamaica," and two telephone interviews with the Jamaican Embassy,[5] and therefore the Court cannot say that he is fully cooperating with officials to secure travel documents. *See, e.g.*, *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003) ("[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future."); *see also Leslie v. Herrion*, 677 F. Supp. 2d 651, 653 (W.D.N.Y. 2010) (denying habeas relief where petitioner refused to cooperate in obtaining travel documents and finding that his "continued detention is of his own making"); *Dogra v. ICE*, No. 09-CV-065A, 2009 WL 2878459, at *3 (W.D.N.Y. Sept. 2, 2009) (denying habeas relief to petitioner who "consistently thwarted the attempts of DHS to effectuate his removal").

Petitioner has not met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. It appears that Petitioner is the main cause for the delay in the execution of the removal order, and once he provides accurate and complete information, it is likely that he can and will be removed. Pursuant to § 1231(a)(1)(C), Petitioner's removal period has been extended and therefore his continued detention 90 days beyond his order of removal became final does not entitle him to habeas corpus relief. Accordingly, the Court dismisses the Petition without prejudice to Petitioner filing another petition if his removal is no longer reasonably foreseeable.

## CONCLUSION

The Court denies Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241 and dismisses the Petition without prejudice. The Clerk of Court will close this case.

---

[5] The November 5, 2018 Warning for Failure to Depart directed Petitioner to "[p]articipate in a telephonic interview with the Jamaican consulate." ECF No. 6-2 at 14-15.

Because Petitioner failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Petitioner should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: September 11, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court